UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RAUL BATEN,                                                                     :
                                                    Plaintiff,         :        **21 Civ. 8555**
                                                                                :
                        -against-                                       :        **COMPLAINT**
                                                                                :
BLEECKER FINEST CORP. d/b/a/ BLEECKER'S      :
FINEST DELI, and HASAN A. ALSHARAFI,             :
                                                                                :        **JURY TRIAL DEMANDED**
                                                    Defendants.    :
-----------------------------------------------------------------------X

        Plaintiff Raul Baten ("Plaintiff"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Bleecker Finest Corp. d/b/a Bleecker's Finest Deli ("Bleecker's Finest"), and Hasan A. Alsharafi (collectively, "Defendants"), alleges:

### NATURE OF THE ACTION

        1.      Throughout his employment as a delivery and counter worker at Bleecker's Finest, Baten regularly worked more than forty hours per workweek, but Defendants failed to pay him overtime wages for hours worked in excess of forty per workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the New York Labor Law § 190 *et seq*. ("NYLL").  Throughout his employment at Bleecker's Finest, Defendants paid Baten below the statutory minimum wage rate, and failed to provide him with wage notices and wage statements as required by law.

        2.      Plaintiff brings this action to recover from Defendants unpaid minimum and overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs under the FLSA, the NYLL, and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. §§ 1367.

## VENUE

4.      Venue is proper in this Court under 28 U.S.C. § 1391, because the events giving rise to Plaintiff's claims occurred in Manhattan, within this District.

## THE PARTIES

**Plaintiff Raul Baten**

5.      Raul Baten resides in Bronx County, New York.

6.      Baten worked for Defendants as a delivery and counter worker from August 28, 2019 to March 16, 2021.

**Defendant Bleecker Finest Corp.**

7.      Bleecker Finest Corp. is a New York corporation located at 171 Bleecker Street, New York, New York.  Bleecker's Finest prepares and serves sandwiches, wraps, salads, beverages such as smoothies, and other food items for customers.

8.      Throughout Baten's employment, Bleecker's Finest had employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials moved in or produced for interstate commerce by any person.

9.      In each of the three years preceding the filing of this Complaint, Bleecker's Finest's  annual gross volume of sales exceeded $500,000.

10.     Bleecker's Finest is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Defendant Hasan A. Alsharafi**

11.     Defendant Hasan A. Alsharafi is the owner of Bleecker's Finest.

12.     Throughout Baten's employment with Bleecker's Finest, Alsharafi had the power and authority to hire and fire employees, discipline employees, set employees' schedules, set employees' wage rates, and otherwise control the terms and conditions of their employment.

13.     Throughout Baten's employment with Bleecker's Finest, Alsharafi delegated power and authority over certain personnel decisions to Bleecker's Finest managers, including managers Ali and Hamsa.

14.     For example, Alsharafi delegated the authority to hire and fire employees to Ali, who hired and fired Baten.

15.     Ali and Hamsa set Baten's work schedule.

16.     Ali and Hamsa are present regularly at Bleecker's Finest to supervise and direct Baten's daily activities.

17.     Ali and Hamsa informed Baten about his wage rates.  For example, in approximately August 2020,  Baten complained to Hamsa about being paid $10 per hour, as opposed  to the $15 per hour statutory minimum wage rate, but Hamsa refused to increase his wage rate.

18.     Ali and Hamsa distributed Baten's weekly wages.

19.     Alsharafi exercised sufficient control over the operations of Bleecker's Finest to be considered Plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

20.     Throughout his employment at Bleecker's Finest, Baten's primary duties included making deliveries, preparing sandwiches, cleaning the deli, and receiving and storing merchandise.

21.     Defendants did not furnish Plaintiff with a wage notice at the time of hiring or whenever his rates of pay changed.

22.     Defendants did not furnish Plaintiff with wage statements with each payment of his wages reflecting his overtime wage rate and all hours worked in the corresponding workweek with each payment of wages.

23.     Defendants did not maintain a time clock or other time tracking system for employees to accurately record Plaintiff's hours worked.

24.     From August 28, 2019 until March 2020, unless he was absent or was required to work additional hours, Baten regularly worked approximately fifty-seven hours per workweek, six days per week from approximately 7:00 a.m. to 5:00 p.m., with a thirty-minute break per workday.

25.     From March 2020 until the end of his employment on March 16, 2021, unless he was absent or was required to work additional hours, Baten regularly worked approximately forty-five hours per workweek, six days per week from approximately 7:00 a.m. to 3:00 p.m., with a thirty-minute break per workday.

26.     Throughout Baten's employment, Bleecker's Finest paid him $10.00 per hour for all hours worked in cash, including for hours in excess of forty per workweek.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime)**

27.     Plaintiff incorporates by reference all previous paragraphs.

28.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages at the rate of one and one-half times his regular hourly wage rates per hour worked over forty per workweek.

29.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff.

30.    Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

31.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

32.    Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (NYLL – Unpaid Overtime)

33.    Plaintiff incorporates by reference all previous paragraphs.

34.    Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly rates of pay for all hours worked over forty per workweek.

35.    Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting NYDOL Regulations, and employed Plaintiff.

36.    Defendants failed to pay Plaintiff overtime wages equal to one and one-half (1½) times his regular hourly rates of pay per hour worked over forty per workweek.

37.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

38.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages)

39.    Plaintiff repeats and incorporates all previous paragraphs.

40.     Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(6), and 652, and supporting New York State Department of Labor ("NYDOL") Regulations.

41.     Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL.

42.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

43.     As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

**FOURTH CLAIM**
**(WTPA – Failure to Provide Accurate Wage Statements)**

44.     Plaintiff incorporates by reference all previous paragraphs.

45.     The NYLL and WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

46.     Defendants failed to furnish Plaintiff, with each wage payment, with a statement accurately reflecting his: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

47.     Due to Defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from Defendants statutory damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–d).

**FIFTH CLAIM**
**(WTPA – Failure to Provide Accurate Wage Notices)**

48.     Plaintiff incorporates by reference all previous paragraphs.

49.     The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

50.     Defendants failed to furnish Plaintiff at the time of hiring, and whenever there was a change to his rates of pay, with wage notices reflecting the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the overtime wage rate; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

51.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of $50.00 per day that the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully requests that this Court enter a judgment:

a.     declaring that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

b.      declaring that Defendants violated the minimum wage provisions of the NYLL and NYDOL Regulations;

c.      declaring that Defendants violated the wage notice and wage statement provisions of the  NYLL and WTPA;

d.      declaring that Defendants' violations of the FLSA and NYLL were willful;

e.      awarding Plaintiff unpaid minimum and overtime wages;

f.      awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due;

g.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage statements and wage notices pursuant to the NYLL;

h.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

i.      awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

j.      awarding such other and further relief as the Court deems just and proper.

*(Continued on next page)*

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury in this action.

Dated:  New York, New York
        October 18, 2021

PECHMAN LAW GROUP PLLC

By:   _s/Louis Pechman_
      Louis Pechman
      Vivianna Morales
      Mirian Albert
      Pechman Law Group PLLC
      488 Madison Avenue, 17th Floor
      New York, New York 10022
      Tel.: (212) 583-9500
      pechman@pechmanlaw.com
      morales@pechmanlaw.com
      albert@pechmanlaw.com
      *Attorneys for Plaintiff*